UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CINDY BISHIR, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-786- RM |
| ) | |
| SMURFIT-STONE CONTAINER ) | |
| CORPORATION PENSION PLAN ) | |
| FOR HOURLY EMPLOYEES, PLAN ) | |
| ADMINISTRATOR FOR THE ) | |
| SMURFIT-STONE CONTAINER ) | |
| CORPORATION PENSION PLAN ) | |
| FOR HOURLY EMPLOYEES, and ) | |
| SMURFIT-STONE CONTAINER ) | |
| CORPORATION, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Cindy Bishir claims benefits under her ex-husband's pension plan, which she alleges the defendants refused to pay in violation of a qualified domestic relations order and federal law.[1] The defendants move to dismiss all claims for failure to state a claim for which relief can be granted. For the reasons that follow, the court denies the motion to dismiss because it over-reaches what the court can assure at the pleading stage.

A Rule 12(b)(6) motion to dismiss challenges the complaint's sufficiency, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th

---

[1] The Wabash Circuit Court's pension qualified domestic relations order was submitted with Ms. Bashir's complaint and was considered in accordance with Fed. R. Civ. P. 10(c); Venture Associates v. Zenith Data Systems, 987 F.2d 429, 431-432 (7th Cir.1993).

Cir.1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. Slaney v. Int'l Amateur Athletic Fed'n, 244 F.3d 580, 597 (7th Cir.2001). Dismissal under Rule 12(b)(6) is proper only if it appears beyond doubt that the plaintiff can prove no set of facts entitling her to relief. Szumny v. American Gen. Fin., 246 F.3d 1065, 1067 (7th Cir.2001). A complaint suffices if any facts consistent with its allegations, and showing entitlement to prevail, could be established by affidavit or testimony at a trial. Doe v. Smith, 429 F.3d 706, 708 (7th Cir. 2005) (quotations and citations omitted).

The defendants contend Ms. Bishir's complaint fails to state a claim upon which relief can be granted because the Employee Income Retirement Security Act, 29 U.S.C. § 1001, et seq., preempts state law claims for pension benefits, and any remaining ERISA claims fail because she hasn't exhaust her administrative remedies. The court cannot agree.

ERISA's preemption clause states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). There is an exception to preemption for qualified domestic relations orders. 29 U.S.C. § 1144(b)(7); Metropolitan Life Ins. Co. v. Wheaton, 42 F.3d 1080, 1084 (7th Cir. 1994). Any domestic relations order that "creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan" is excluded. 29 U.S.C. § 1056(d)(3)(B)(i)(I).

To qualify, an order must clearly specify "the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order," "the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined," "the number of payments or period to which such order applies," and "each plan to which such order applies." 29 U.S.C. § 1056(d)(3)(C).

The Wabash Circuit Court's order meets all four statutory requirements. It lists Mr. Bishir and his last know mailing address, as well as Ms. Bishir as the alternate payee, along with her last known mailing address; it states the method by which her percentage of the benefits is to be determined; it states the period for which the order applies; and it states each plan to which the order applies.

Accordingly, it cannot be said beyond doubt that ERISA preempts Ms. Bishir's state law claim for benefits under the qualified domestic order. *See, e.g.,* Aetna Life Ins. Co. v. Hager, 930 F. Supp. 343, 346-347 (E.D. Wis.1996) (preemption issue determined at summary judgment stage).

Remaining is the defendants' contention that Ms. Bishir didn't exhaust her administrative remedies before filing this case. While exhaustion is not statutorily required, "[a]n ERISA plaintiff must exhaust all available administrative remedies before filing suit to challenge a denial of benefits." Ruttenberg v. U.S. Life Ins. Co., 413 F.3d 652, 662 (7th Cir.2005). Ms. Bishir hasn't alleged she exhausted all available administrative remedies or that either recognized exception to the

3

exhaustion requirement applies.

The defendants ask the court to conclude from Ms. Bishir's silence that she failed to exhaust, or that no exceptions to the exhaustion rule apply. They cite no authority, however, requiring that she plead such facts at this stage — none the controlling cases cited by the defendants were decided at the pleadings stage; all were decide through summary judgment. Ruttenberg v. U.S. Life Ins. Co., 413 F.3d 652; Stark v. PPM America, Inc., 354 F.3d 666 (7th Cir. 2004); Gallegos v. Mount Sinai Medical Center, 210 F.3d 803 (7th Cir. 2000); Kross v. Western Elec. Co., Inc., 701 F.2d 1238 (7th Cir. 1983).[2]

"[S]ilence is just silence and does not justify dismissal" and "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain...' should stop and think: what rule of law requires a complaint to contain that allegation." Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7thCir2006) (quoting Doe v. Smith, 429 F.3d at 708). Ms. Bishir's allegation that the defendants have refused to pay her benefits doesn't plead her out of court since exhaustion of administrative remedies would not necessarily be inconsistent with her allegations. *See, e.g.,* Walker v. Fortis Benefits Ins. Co., 2005 WL 3157578 (C.D. Ill. 2005) (not reported in F. Supp.2d). Her complaint sets forth

---

[2] Challenger v. Local Union No. 1 of Intern. Bridge, 619 F.2d 645 (7th Cir. 1980), was decided at the pleading state, but not because plaintiff failed to exhaust his administrative remedies, rather, "the facts he [plaintiff] alleges as constituting that breach [fiduciary] show that they have not done so." The court went on to "note that Congress intended fund trustees to have primary responsibility for claim processing, as evidenced by the specific requirement in [ ], 29 U.S.C. s 1133, of a claim and appeal procedure for every employee benefit plan."

4

facts sufficient to give the defendants notice of her claim that they denied her benefits due, and this is sufficient under FED. R. CIV. P. 8.

For the foregoing reasons, the court denies the defendants' motion to dismiss [Doc. No. 7].

SO ORDERED.

Entered:   March 30, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:   counsel of record